

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-28-2008

# USA v. Thorne

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3312

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Thorne" (2008). *2008 Decisions.* Paper 1703.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1703

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-3312

———————

UNITED STATES OF AMERICA

v.

WILLIAM THORNE,
a/k/a
G LOVE

William Thorne,  Appellant

———————

Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Crim. No. 06-cr-156)
District Judge:  The Honorable Joel A. Pisano

———————

Submitted Under Third Circuit LAR 34.1(a)
November 30, 2007

———————

Before: BARRY, FUENTES, <u>Circuit Judges</u>, and DIAMOND,[*] <u>District Judge</u>

(Opinion Filed:  January 28, 2008)

———————

OPINION

———————

———————

[*] The Honorable Paul S. Diamond, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

DIAMOND, <u>District Court Judge</u>

William Thorne appeals the sentence imposed on him by the New Jersey District Court following his eighth felony drug conviction. We affirm.

## I.

On March 3, 2006, Thorne pleaded guilty to distribution and possession with intent to distribute approximately twenty-six grams of crack cocaine. 21 U.S.C. § 841(a)(1). Because this was Thorne's eighth such conviction, the District Court designated him a career offender under the Sentencing Guidelines, with a base offense level of 34. U.S.S.G. § 4B1.1(b)(B). The Court then decreased that level by three points -- to 31 -- for acceptance of responsibility. U.S.S.G. § 3E1.1. Thorne's criminal history category was VI, and his advisory Guidelines sentence ranged between 188 to 235 months. On June 28, 2006, the District Court sentenced Thorne to a term of 200 months imprisonment. Thorne filed a timely notice of appeal from that sentence.

Thorne contends that: 1) his classification as a career offender resulted in a Guidelines calculation that was excessive; 2) the District Court erred in refusing to consider the disparity between the Guidelines' treatment of crack cocaine and powder cocaine; 3) the District Court failed to give "meaningful consideration" to the factors set out in 18 U.S.C. § 3553(a).

## II

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review

2

Thorne's sentence for reasonableness. United States v. Booker, 543 U.S. 220, 261 (2005); United States v. Cooper, 437 F.3d 324, 327 (3d Cir. 2006).

## III

The Guidelines require a defendant's classification as a career offender if at the time he committed the subject offense he was at least eighteen years old, the offense was a felony involving either violence or a controlled substance, and the defendant had at least two prior felony convictions involving violence or a controlled substance. U.S.S.G. § 4B1.1(a).

It is undisputed that Thorne meets these criteria. He was forty at the time of his guilty plea in this case -- his eighth felony drug conviction. The District Court thus properly calculated Thorne's sentence according to the career offender provision of the Guidelines. Thorne contends that the "shortcomings of the career offender provision" resulted in an inappropriate Guidelines calculation. (Appellant's Br. 14.) Thorne does not elaborate on what he believes those "shortcomings" may be, nor are they apparent to us. Accordingly, we cannot say that Thorne's Guidelines calculation was inappropriate.

## IV

Also meritless is Thorne's contention that the District Court improperly refused to consider the Guidelines' disparate treatment of crack cocaine and cocaine. First, the contention is beside the point. Thorne's Guidelines sentence was determined by his

3

designation as a career offender, not by his possession of crack cocaine. In any event, the record demonstrates that the District Court recognized its "discretion not to sentence in accordance with the guidelines." (A35.) See United States v. Gunter, 462 F.3d 237, 248-49 (3d Cir. 2006) (district courts may consider disparity between the Guidelines treatment of crack cocaine and cocaine as a factor in the sentencing process); see also Kimbrough v. United States, No. 06-6330, __ S.Ct. __ 2007 WL 4292040, at *5 (U.S. December 10, 2007).

## V

Finally, we conclude that the District Court properly considered the factors set out in 18 U.S.C. § 3553(a). In Gunter, we set out the post-Booker procedures that district courts must follow when imposing sentence. 462 F.3d at 247. Although Thorne's sentencing preceded by three months our decision in Gunter, the District Court nonetheless followed appropriate procedures. The Court first calculated the advisory Guidelines sentence. (A35.) The Court did not consider Guidelines departure motions because none were filed. (A35.) Finally, the Court considered variances from the Guidelines in accordance with the factors set out in § 3553(a).

The Court first considered the nature and circumstances of Thorne's crime and his history and characteristics. See § 3553(a)(1). It described the offense as a "garden variety distribution of 26 grams of crack cocaine by a defendant . . . who has demonstrated a history through his entire life of being a drug dealer." (A35-36.)

4

Pursuant to § 3553(a)(2), the Court emphasized that this offense was Thorne's eighth felony drug conviction, and that "seven other sentences have done nothing to deter him from further criminal conduct." (A36-37.) The Court also recognized the need to "protect the community from Thorne" and his continual drug dealing. (A37.) Given Mr. Thorne's age and circumstances, the Court determined that Thorne did not need any special educational or vocational training. (A37-38.) Pursuant to § 3553(a)(3), the Court then considered the kinds of sentences available, and ruled (correctly, in our view) that the Guidelines' career offender provision applied to Thorne. (A38.) Finally, the Court discussed Thorne's personal characteristics, such as his role as a father, and the support he received from his fiancee and daughter. (A39.)

Having applied these criteria to Thorne, the District Court imposed a sentence of 200 months incarceration. Thorne protests that the Court's § 3553(a) analysis was impermissibly "abbreviated." (Appellant's Br. 42.) We have held, however, that sentencing courts need not engage in extended disquisitions respecting the § 3553(a) factors to give them "meaningful consideration." United States v. Vargas, 477 F. 3d 94, 101 (3d Cir. 2007). Rather, we require only that " 'the record makes clear the court took the factors into account in sentencing.' " Id. (quoting Cooper, 437 F.3d at 329). The record confirms that the District Court adequately considered the factors set out in § 3553(a). Accordingly, we reject Thorne's contention that the Court failed to give the factors "meaningful consideration."

## VI

For the foregoing reasons, we will affirm the order of the District Court.